UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH GRUSHEN,

    Plaintiff,

    v.

Warden HEDGPETH; et al.,

    Defendants.
                                        /

No. C 12-1860 SI (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Kenneth Grushen, an inmate at the Salinas Valley State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following: On April 12, 2011, Grushen fell while he was descending from the top bed in a bunk bed in prison. On March 5, 2011, he "made medical aware of swelling of [his] arm and ongoing pain. They exam[ined Grushen's] arm and gave [him] pain medication." Docket # 1 (Complaint), p. 3. He told medical staff that it was hard getting up and down on the top bunk and that he had fallen before due to pain in his arm. He requested a lower bunk. He fell again while descending from the upper bunk and hurt his back and arm. Grushen alleges that he was "given a lower tier bunk after the fall. But still have not been given a lower tier bunk, only the chrono." *Id.*

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted). Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4.

Bunk beds – even those without ladders and/or handrails – do not satisfy the objective prong necessary for an Eighth Amendment violation. The Eighth Amendment's prohibition of cruel and unusual punishment "imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials." *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996).

Requiring an able-bodied inmate to use a bunk bed does not deny him the minimal civilized measure of life's necessities. *See Connolly v. County of Suffolk*, 533 F. Supp. 2d 236 (D. Mass. 2008) (summary judgment granted for defendants because ladderless bunk beds did not meet objective component of Eighth Amendment in light of evidence that "[t]housands of . . . inmates access bunk beds daily without the aid of a ladder and without incident" and only about a dozen injuries had been reported);[1] *see generally Osolinski v. Kane*, 92 F.3d at 938 (defendants entitled to qualified immunity against prisoner's Eighth Amendment claim stemming from second degree burns suffered when oven door fell off its hinges and burned his arms); *Jackson v. State of Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (slippery floors, by themselves, do not amount to cruel and unusual punishment). Even with liberal construction, the complaint does not allege facts that would allow one to determine that the bunk bed posed a serious risk to Grushen's safety. In his amended complaint, Grushen can attempt to allege facts to show that the bunk bed posed a serious risk to his safety.

The complaint also fails to satisfy the objective prong of an Eighth Amendment claim in that it does not allege facts suggestive of deliberate indifference by prison officials to a known risk to Grushen's safety. Any risk posed by bunk beds (even ones without ladders or handrails) is not obvious enough to lead to an inference of subjective awareness of a substantial risk of harm to the inmate required to use it. Yet it is just such a risk that appears to be the basis for the claim. In his amended complaint, Grushen may attempt to allege facts suggestive of deliberate indifference to a known risk to his safety by the defendants. He is cautioned that he must link

---

[1] Several unpublished cases also have given short shrift to the ladderless bunk bed claims from inmates. *See Brown v. Anderson*, 2010 WL 199692, *2 (D. S.C. 2010) (allegations that "defendants failed to provide a safe way for Plaintiff to get into the top bunk of a six foot high bunk bed, which caused him to fall and sustain a head injury . . . . at most, present a claim based on state law for negligence"); *id.* at *3 (even if it could be inferred "that the defendants had general knowledge that an inmate could possibly slip and fall in attempting to get into a bunk bed, that is not deliberate indifference to a specific risk to Plaintiff that rises to the level of a constitutional violation"); *Jones v. La. Dept. of Public Safety and Corrections*, 2009 WL 1310940, *2 (W. D. La. 2009) (dismissing on initial review an Eighth Amendment claim from prisoner injured when his foot slipped on cell bars he had to climb on to reach his upper bunk because it didn't have a ladder– condition did not satisfy objective prong of Eighth Amendment test); *id.* at *4 (summarily dismissing request for injunction compelling prison officials to install ladders on bunk beds); *Marino v. United States*, 978 F.2d 1263, 1992 WL 315229 (8th Cir. 1992) (affirming summary judgment for defendants on FTCA claim from prisoner who fell while descending from ladderless upper bunk).

3

each individual defendant he proposes to hold liable by showing what each defendant did or failed to do to cause a violation of his Eighth Amendment rights.

Finally, the complaint does not state a claim related to the medical response to his injuries. When an inmate alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Grushen's complaint does not suggest deliberate indifference; to the contrary, he alleges that he was examined and was treated with pain medications when he made medical staff aware of the swelling and pain in his arm. Insofar as he wants to assert a claim for a failure to provide a lower bunk chrono, he needs to assert an objectively serious need for such a chrono, and needs to satisfy the subjective prong of an Eighth Amendment claim by identifying a defendant who responded with deliberate indifference to such a need.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **August 10, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Plaintiff's *in forma pauperis* application is incomplete. A prisoner applying to proceed *in forma pauperis* "shall submit a certified copy of the trust account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). No later than **August 10, 2012**, plaintiff must complete

4

his *in forma pauperis* application by filing the certified copy of the inmate trust account statement for the last six months. Failure to file the required materials will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: July 3, 2012

_____
SUSAN ILLSTON
United States District Judge

5